IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Stephanie Sheeks,<br><br>        Plaintiff,<br><br>v.<br><br>Rene Antonio Colato, Individually & Dynamo Trucking, LLC,<br><br>        Defendants. | CIVIL ACTION NO.: 1:23-5226-JFA<br><br>**COMPLAINT**<br>(Jury Trial Demanded)<br><br>(Negligence; Negligent Entrustment; Negligent Hiring, Supervision, Retention, and Training; Negligent Maintenance) |

Stephanie Sheeks ("Plaintiff"), by and through the undersigned attorneys and complaining of Rene Antonio Colato and Dynamo Trucking, LLC (hereinafter, collectively "Defendants"), would allege and show unto this Honorable Court the following:

**PARTIES, JURISDICTION AND VENUE**

1. This suit arises out of a commercial motor vehicle collision that occurred in Aiken County, South Carolina on or about December 23, 2020.

2. At the time of the subject collision, Plaintiff was a citizen and resident of Aiken County, South Carolina.

3. At the time of the subject collision, Defendant Rene Antonio Colato ("Colato") was, upon information and belief, a citizen and resident of Houston County, Texas.

4. Upon information and belief, Colato was, at all times relevant hereto, a motor carrier driver pursuant to 49 C.F.R. Part 392.3, 49 C.F.R. Part 395.1, and 49 C.F.R. Part 395.8.

5. At the time of the subject collision, Defendant Dynamo Trucking, LLC ("Dynamo") was, upon information and belief, and remains a foreign limited liability company with its principal place of business in a State other than the State of South Carolina.

1

6. At all times relevant hereto, Dynamo operated a limited liability company engaged in interstate commerce, and regularly and systematically conducted affairs and business activities in the State of South Carolina and, more particularly, Aiken County.

7. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction based on complete diversity of citizenship of the parties and because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8. In accordance with 28 U.S.C. § 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Aiken Division of the District of South Carolina, as the alleged acts or omissions occurred in Aiken County, State of South Carolina.

**FOR A FIRST CAUSE OF ACTION**
(Negligence/Gross Negligence as to Colato)

9. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein verbatim.

10. At all times relevant hereto, Colato was an employee, agent, and legal representative of Dynamo and acting in the ordinary course and scope of his employment.

11. Dynamo controlled the actions of Colato on December 23, 2020, and, therefore, is responsible for his actions or inactions on December 23, 2020.

12. On or about December 23, 2020 at approximately 6:10 p.m., Plaintiff was a restrained passenger in a motor vehicle traveling south on SC-39 in Wagener, South Carolina.

13. At all times pertinent hereto, Plaintiff was acting in a reasonably careful and prudent manner.

14. On that same date and at that same time, Colato, while operating a commercial motor vehicle in the ordinary course and scope of his employment with Dynamo, was traveling north on SC-39 in Wagener, South Carolina.

15. Suddenly and without warning, Colato failed to yield the right-of-way to the vehicle in which Plaintiff was a passenger and initiated a left-hand turn into Plaintiff's lane of travel, resulting in a violent collision.

16. The collision occurred through no fault of Plaintiff.

17. As a result of the force of the impact from the subject collision, Plaintiff suffered serious bodily injury and significant damages.

18. At all times pertinent hereto, Colato had an adequate opportunity to perceive Plaintiff's vehicle traveling towards him, and it was Colato's negligent, grossly negligent, careless, reckless, willful, and wanton acts or omissions that caused the subject collision.

19. The collision, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts of Colato in the following particulars to wit:

   a. In failing to keep a proper lookout;

   b. In failing to keep his vehicle under proper control;

   c. In failing to control his speed in order to do everything necessary to avoid colliding with another vehicle, in violation of S.C. Code § 56-5-1520(a);

   d. In failing to take advantage of any last clear chance to avoid striking Plaintiff, when Colato saw, or should have seen, Plaintiff in the roadway;

   e. In failing to yield the right-of-way to Plaintiff, when Plaintiff possessed the right-of-way at all times pertinent thereto;

   f. In failing to use the degree of care and caution that a reasonably prudent person would use under the circumstances then and there prevailing;

   g. In operating a commercial motor vehicle equipped with improper and/or inadequate brakes, in violation of S.C. Code Ann. §§ 56-5-4850 and 56-5-4860;

   h. In failing to properly maintain brakes in good working order, in violation of S.C. Code Ann. § 56-5-4640;

      i. In operating an unsafe commercial motor vehicle, in violation of the FMCSR and S.C. Code Ann. §§ 56-5-4410 and 56-5-5310;

      j. In failing to operate a commercial vehicle in the manner required by the FMCSR, including in violation of Hours of Service rules;

      k. In failing to operate a commercial motor vehicle in the manner required by the professional standards established by the State of South Carolina;

      l. In failing to properly maintain, inspect, service, and repair the commercial motor vehicle and trailer, in violation of the FMCSR and state laws;

      m. In failing to perform and document pre- and post-trip inspections, in violation of the FMCSR and state laws;

      n. In operating a commercial motor vehicle while ill or fatigued, in violation the FMCSR and state law;

      o. In failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing;

      p. In recklessly operating a motor vehicle in such a manner as to indicate a willful or wanton disregard for the safety of persons and property, in violation of S.C. Code Ann. § 56-5-2920; and

      q. In such other and further particulars as the evidence at trial may show.

All of which acts and omissions, or both, were the actual, direct, and proximate cause of the damages and injuries claimed herein.

20. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful and wanton acts or omissions of Colato as set out above, Plaintiff has suffered injuries, which have caused, and in the future will cause, pain, suffering, emotional distress, permanent impairment, loss of enjoyment of life, and other damages.

21. Due to the willful, wanton, reckless, grossly negligent, and negligent acts and omissions of Colato and Dynamo as set out above, as well as their violation of state law, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

## FOR A SECOND CAUSE OF ACTION
(Negligent Entrustment as to Dynamo)

22. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

23. Dynamo knew or should have known that Colato was unfit, inexperienced, or otherwise incapable of safely operating a commercial motor vehicle in the manner required by the FMCSR and South Carolina State law.

24. Dynamo knew or should have known that Colato's driving history and lack of experience was evidence that he was incapable of complying with South Carolina state law governing the operation of commercial motor vehicles and was therefore a reckless driver.

25. Dynamo knew or should have known that the commercial motor vehicle was out of service and should not have entrusted the commercial motor vehicle to Colato.

26. Dynamo entrusted a commercial motor vehicle, an inherently dangerous instrumentality, to Colato despite knowing that he lacked proper training and experience.

27. Dynamo's entrustment of its commercial motor vehicle to Colato created an appreciable risk of harm to others, including Plaintiff, a member of the motoring public, thereby establishing a relational duty on the part of Dynamo to conform its conduct to the law for the safety of other motorists.

28. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Dynamo, Plaintiff suffered physical pain and suffering, mental anguish, emotional distress, impairment of health and bodily efficiency, loss of enjoyment of life, substantial past and future medical expenses, and other damages.

29. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Dynamo and Colato as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

## FOR A THIRD CAUSE OF ACTION
(Negligent Hiring, Supervision, Retention, and Training as to Dynamo)

30. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

31. Dynamo owed statutory and common law duties to Plaintiff not to negligently hire, supervise, and retain commercial truck drivers incapable of complying with all provisions of the FMCSR and state law.

32. Dynamo failed to properly review, interview, or interact with Colato prior to hiring Colato as a commercial truck driver.

33. Dynamo failed to comply with the FMCSR and state law prior to utilizing Colato as a commercial truck driver.

34. Dynamo knew or should have known that Colato was untrained and incapable of complying with local, state, and federal laws.

35. Dynamo knew or should have known that Colato's inexperience and lack of training was evidence that he was unable to comply with local, state, and federal law and was therefore a reckless driver.

36. Dynamo failed to properly supervise and train Colato and allowed him to operate his vehicle without the most basic training, in violation of local, state, and federal law.

37. Dynamo allowed Colato to continue to operate a commercial motor vehicle without the most basic training, in violation of local, state, and federal law.

38. The collision, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Dynamo in the following particulars to wit:

   a. Failing to have in place policies and procedures to train and/or monitor its truck drivers, or if in place, failing to enforce them;

   b. Failing to have in place policies and procedures to mandate compliance by its drivers with the FMCSR and state laws or regulations or, if in place, failing to enforce them;

   c. Failing to have in place an adequate safety program for the safety and protection of the motoring public, or if in place, failing to implement it;

   d. Failing to comply with the FMCSR and state laws when utilizing Colato as a commercial truck driver;

   e. Failing to properly review, interview, or interact with Colato prior to hiring Colato as a commercial truck driver;

   f. Failing to properly investigate Colato's compliance with the FMCSR and state law, or Colato's ability to drive to ensure that he possessed the requisite certification, skill, and attention necessary to operate a commercial motor vehicle;

   g. Failing to properly train Colato to inspect, maintain, or repair a commercial motor vehicle, as required by the FMCSR and state laws;

   h. Failing to properly train Colato to operate a commercial motor vehicle in a safe and effective manner;

   i. Failing to ensure Colato had sufficient, adequate, and current training, credentials, and skills to properly operate a commercial motor vehicle;

   j. Failing to properly supervise Colato, particularly by allowing Colato to operate an out-of-service commercial motor vehicle, in violation of the FMCSR and state law;

   k. Entrusting a commercial motor vehicle to Colato despite knowing that he did not have a valid medical certificate and was therefore a reckless driver;

   l. Allowing Colato to continue operating a commercial motor vehicle without the most basic training, in violation of the FMCSR and state law;

    m. Allowing Colato to continue operating a commercial motor vehicle with insufficient and unsafe brakes;

    n. Retaining Colato as a commercial truck driver when Dynamo knew, or should have known, that Colato was neither qualified nor had the requisite skills to drive a commercial motor vehicle;

    o. Failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing; and

    p. In such other and further particulars as the evidence at trial may show.

All of which acts and omissions, or both, were the actual, direct, and proximate cause of the damages and injuries claimed herein.

39. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Dynamo, Plaintiff suffered physical pain and suffering, mental anguish, emotional distress, impairment of health and bodily efficiency, loss of enjoyment of life, substantial past and future medical expenses, and other damages.

40. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Dynamo and Colato as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

**FOR A FOURTH CAUSE OF ACTION**
(Negligent Maintenance as to Defendants)

41. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

42. Dynamo owed statutory and common law duties to Plaintiff to properly maintain, inspect, service, and repair all equipment on both the tractor and trailer driven by Colato on the date of the subject collision.

43. Colato and Dynamo failed to properly maintain, inspect, service and repair the tractor and trailer in accordance with the most basic federal, state, and local laws.

44. Colato and Dynamo knew or should have known that the tractor, trailer, and all other equipment utilized on the date of the subject collision were not properly maintained, inspected, serviced, and repaired in accordance with federal, state, and local laws.

45. Dynamo entrusted a commercial tractor and trailer to Colato despite knowing that the tractor and trailer were not properly maintained, inspected, serviced, and repaired in accordance with the most basic federal, state, and local laws.

46. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Dynamo and Colato, Plaintiff suffered physical pain and suffering, mental anguish, emotional distress, impairment of health and bodily efficiency, loss of enjoyment of life, substantial past and future medical expenses, and other damages.

47. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Dynamo and Colato as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

48. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for the following:

   i. Judgment against Defendants for actual and punitive damages in an amount to be determined by the jury;

   ii. For the costs of this action; and

   iii. For such other and further relief as this court deems just and proper.

*[SIGNATURE PAGE TO FOLLOW]*

        **PIERCE, SLOAN, KENNEDY & EARLY, LLC**
        321 East Bay Street
        Post Office Box 22437
        Charleston, SC 29401
        (843) 722-7733

        s/ *J. Morgan Forrester*
        Allan P. Sloan, III (Fed. I.D. 6268)
        J. Morgan Forrester (Fed. I.D. 12129)
        Richard R. Gergel (Fed. I.D. 13170)
        Edward J. McAlpine, III (Fed. I.D. 13532)
        chipsloan@piercesloan.com
        morganforrester@piercesloan.com
        richardgergel@piercesloan.com
        treymcalpine@piercesloan.com

        *Attorneys for Plaintiff*

October 19, 2023
Charleston, South Carolina